# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TONYA HERBIN, JENNIFER TABOR, and BRETT TYSON, individually and on behalf all others similarly situated, <br><br>            Plaintiffs,<br><br>    v.<br><br>THE PNC FINANCIAL SERVICES GROUP, INC. and PNC BANK, N.A.,<br><br>            Defendants. | Case No. 2:19-cv-00696-CB |
| CASEY MINOR and ALEXIS YARBROUGH, individually and on behalf all similarly situated individuals,<br><br>            Plaintiffs,<br><br>    v.<br><br>PNC BANK, N.A.,<br><br>            Defendant. | Case No. 2:20-cv-00058-CB |

**AGREED ORDER ON PLAINTIFFS' UNOPPOSED MOTION FOR ORDER APPROVING SETTLEMENT OF COLLECTIVE ACTION AND AUTHORIZING NOTICE OF SETTLEMENT AND OPPORTUNITY TO FILE <u>CONSENT TO JOIN AND RELEASE FORMS AND DISMISSAL WITH PREJUDICE</u>**

This matter came before the Court upon Plaintiffs' Unopposed Motion for Order Approving Settlement of Collective Action and Authorizing Notice of Settlement and Opportunity to File Consent to Join and Release Forms and Dismissal with Prejudice (the "Motion"). Having reviewed the Motion, the Joint Stipulation of Settlement and Release

2

("Settlement Agreement"), and the exhibits attached thereto, and the Court being otherwise fully advised in the premises, it is **ORDERED AND ADJUDGED** as follows:

    1.    The Motion is GRANTED.

    2.    The Court approves the Settlement Agreement. The Court finds that the parties' settlement resolves a bona fide dispute, is fair, reasonable, and adequate, and does not impermissibly frustrate the "implementation of the [Fair Labor Standards Act] in the workplace." See Bettger v. Crossmark, Inc., 2015 WL 279754, at *4 (M.D. Pa. Jan. 22, 2015).[1]

    3.    The Court approves the Notice of Settlement and Consent to Join and Release Form and directs its distribution.[2]

    4.    The Court approves the requested Service Payments to the Plaintiffs and the Opt-in Plaintiff.

    5.    The Court approves Plaintiffs' request for attorneys' fees and expenses.

    6.    All other terms described in the Agreement are fair, reasonable and adequate as to the Settling Parties, Service Payment Recipients, Putative Collective Members, and Qualified Claimants and are approved.

    7.    This Action is DISMISSED WITH PREJUDICE in its entirety.

    8.    The Court will RETAIN JURISDICTION to enforce the Agreement.

---

[1] The Court determines that the parties' filings are sufficient to allow adjudication of their request for certification of a collective action and for approval of their proposed settlement, including the award of attorneys' fees. See Grayson v. K Mart Corp., 79 F.3d 1086, 1099 (11th Cir. 1996) (where request for FLSA certification is supported by "substantial allegations and evidence," court may proceed without evidentiary hearing); Mantz v. Steven Singer Jewelers, 2004 WL 1217369, *3-4 (3d Cir. Jun. 3, 2004) (holding same regarding award of attorney's fees under FLSA) (citing Fed. R. Civ. P. 78(b)); accord Moore v. Ackerman, 2009 WL 2848858, at *2 (N.D. Iowa, Sept. 1, 2009).

[2] As this is a collective action as opposed to a class action, the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 are not applicable, as the Act as defined applies to class actions filed under Rule 23 of the Federal Rules of Civil Procedure. See 28 U.S.C. § 1711; see also Dallas v. Alcatel-Lucent USA, Inc., 2013 WL 2197624 (E.D. Mich. May 20, 2013) (finding the same).

2

9. The case is CLOSED and all pending motions are DENIED as moot.

DONE AND ORDERED, in Chambers, UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA, this 27th day of January, 2020.

s/Cathy Bissoon<br>
Cathy Bissoon<br>
United States District Judge

cc (via ECF email notification):

All Counsel of Record